# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### WESTERN DIVISION

MICHAEL STRICKLAND &
ASSOCIATES, LLC                                                    PLAINTIFF

VERSUS                              CIVIL ACTION NO. 5:09cv99-DCB-JMR

TRAVIS LUMBER CO., INC.                                            DEFENDANT

## Order

This matter comes before the Court on the plaintiff's Motion to Remand [**docket entry no. 5**]. Having carefully considered the Motion, the defendant's Response thereto, applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds and orders as follows:

Michael Strickland & Associates, LLC ("plaintiff") commenced this suit on May 22, 2009, in the County Court of Warren County, Mississippi, against Travis Lumber Company, Inc. ("defendant"). In the complaint, the plaintiff alleges breach of contract, breach of implied-in-fact contract, and breach of covenant of good faith and fair dealing, among other claims. The defendant filed a Notice of Removal on June 15, 2009 [docket entry no. 1], followed by an Answer on June 19, 2009 [docket entry no. 3]. The defendant asserts that removal is proper under 28 U.S.C. § 1332 because the parties are completely diverse and the amount in controversy exceeds $75,000, exclusive of interests and costs. Specifically, the defendant argues that it is a resident of Arkansas and that the

plaintiff is a resident of Mississippi. The defendant also alleges that it is "facially apparent" from the complaint that the amount in controversy exceeds $75,000 because the plaintiff claims $39,000 in actual damages and $200,000 in punitive damages, yielding a total of $239,000.

In the remand motion, the plaintiff contends that while complete diversity exists between the parties, the amount in controversy does not exceed $75,000. The plaintiff argues that the language in the complaint stating that it is seeking judgment against the defendant "for actual damages and punitive damages in an amount not to exceed $200,000," is strictly meant to establish jurisdiction in the County Court of Warren County, and not to establish that damages may exceed $75,000. Rather, the plaintiff argues that damages are uncertain and should be decided by a jury. Additionally, the plaintiff filed an affidavit with the Motion to Remand stating that it is not seeking more than $75,000 and will not accept more than $75,000 in damages from the defendant.

In its Response [docket entry no. 6], the defendant contends that the plaintiff's post-removal affidavit is ineffective at establishing an amount in controversy that does not exceed $75,000, exclusive of interests and costs. The defendant asserts that because the amount in controversy is not "facially ambiguous" but, rather, "facially apparent" from the language of the complaint, the plaintiff cannot attempt by affidavit or otherwise to reduce the

amount in controversy after removal to deprive the court of jurisdiction.

A district court's removal jurisdiction over an action is judged by looking to the claims in the state court complaint at the time of removal. Manguno v. Prudential Prop. & Cas. Co, 276 F.3d 720, 723 (5th Cir. 2002). Where the plaintiff pleads an exact amount of damages in the complaint, removal is proper only if the defendant proves by a preponderance of the evidence "that the amount in controversy exceeds the jurisdictional amount." Allen v. R&H Oil & Gas Co., 63 F.3d 1326, 1335 n.14 (5th Cir. 1995). If the defendant meets his burden, the plaintiff may have the case remanded by showing "that at the time of removal he was legally certain not to be able to recover" an amount exceeding $75,000, exclusive of interests and costs. Id.

"While post-removal affidavits may be considered in determining the amount in controversy at the time of removal, such affidavits may be considered only if the basis for jurisdiction is ambiguous at the time of removal." Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 883 (5th Cir. 2000). That is, "if it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction." Id.

The plaintiff's argument that its $200,000 damages claim is

3

only meant to establish Warren County Court jurisdiction is unpersuasive. The plaintiff's complaint alleges actual damages totaling $39,000. The plaintiff also seeks attorney's fees in addition to actual and punitive damages pursuant to the terms and conditions of the contract between the parties. Attorney's fees should be included in the amount in controversy determination if those fees are sought according to the contract at issue. Graham v Henegar, 640 F.2d 732, 736 (5th Cir. 1981). Lastly, as previously stated, the complaint alleges "actual damages and punitive damages in an amount not to exceed $200,000." (Complaint ¶ 38). Therefore, the plaintiff is seeking $161,000 in punitive damages. The Warren County Court in which the plaintiff filed the complaint has jurisdiction over claims that do not exceed $200,000. MISS. CODE ANN. § 9-9-21(1) (2009). However, the statute does not bar claims below $75,000. Rather, the statutory language encompasses those claims as well.

It is well-established that the plaintiff can generally bar removal by pleading a specific sum less than the federal jurisdictional amount, and "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." Allen, 63 F.3d at 1335; St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289, (1938). In the instant case, the plaintiff could have avoided federal diversity jurisdiction by pleading an amount below $75,000 or by filing an affidavit or stipulation **with the complaint**

4

stating that the amount in controversy does not exceed $75,000, exclusive of interests and costs. See De Aguilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995)(stating that litigants can prevent removal by filing an affidavit or binding stipulation before removal, but after a defendant has removed the case, later filings are irrelevant for determining the amount in controversy under 28 U.S.C. § 1332)(emphasis added).

Because the plaintiff specifically seeks attorney's fees pursuant to the contract, $39,000 in actual damages, and actual and punitive damages not to exceed $200,000, the Court finds that the amount of damages alleged in the complaint are facially apparent. The defendant has shown by a preponderance of the evidence that the amount in controversy exceeds $75,000, exclusive of interests and costs, and the plaintiff has failed to show that, to a legal certainty, the amount in controversy does not exceed the jurisdictional amount. For these reasons, the Court finds that federal subject matter jurisdiction is proper, and it may not consider post-removal events that bear upon the amount in controversy.

Accordingly,

**IT IS HEREBY ORDERED** that the plaintiff's Motion to Remand [**docket entry no. 5**] is **DENIED**.

**SO ORDERED** this the 16th day of October 2009.

                                        s/ David Bramlette

UNITED STATES DISTRICT JUDGE